**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4300**

_____

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

MENYELEK M. MAYNARD,

         Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:22-cr-00136-LMB-1)

_____

Submitted:  May 23, 2024                              Decided:  August 27, 2024

_____

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, April N. Russo, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Menyelek M. Maynard appeals his judgment of conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), reckless driving, in violation of 36 C.F.R. § 4.2 (adopting Va. Code Ann. § 46.2-862), and speeding, in violation of 36 C.F.R. § 4.21(c).  Maynard was driving his car at a high rate of speed on the George Washington Memorial Parkway when he had a collision with a motorcycle rider causing serious injuries to the rider.  Maynard challenges the sufficiency of the assault and reckless driving convictions.  We affirm.

Because Maynard did not move for judgment of acquittal under Fed. R. Crim. P. 29 at trial, review is for plain error.  *United States v. Wallace*, 515 F.3d 327, 331-33 (4th Cir. 2008).  "In order . . . to prove that the jury's decision constituted plain error, (1) there must be an error; (2) the error must be plain, meaning obvious or clear under current law; and (3) the error must affect substantial rights.  Even if these criteria are met, the error will not be noticed unless it seriously affects the fairness, integrity, or public reputation of the proceedings."  *Id*. at 332 (citation omitted).  As we review for plain error, we may not "assess witness credibility" and must "assume that the jury resolved any conflicting evidence in the prosecution's favor."  *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

Maynard's sole argument is that he presented uncontroverted evidence that satisfied the four-part test applicable to the justification or necessity defense.  To support such a defense, the defendant must produce evidence that he:

1) was under unlawful and present threat of death or serious bodily injury;

2

2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;

3) had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and

4) a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*United States v. Ricks*, 573 F.3d 198, 202 (4th Cir. 2009) (internal quotation marks omitted). The affirmative defense must be proven by a preponderance of the evidence. *United States v. Mooney*, 497 F.3d 397, 408 n.2 (4th Cir. 2007).

We conclude that there was no plain error. The jury did not believe Maynard's claim that he was being pursued by a gun-wielding driver that caused him to accelerate to a high rate of speed just prior to the collision with the motorcyclist. Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3